UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

SEATTLE AUDUBON and KITTITAS AUDUBON,

    Plaintiffs,

v.

DOUG SUTHERLAND, et al.,

    Defendants.

No. CV06-1608MJP

ORDER GRANTING IN PART AND DENYING IN PART MOTION TO INTERVENE

    This matter comes before the Court on the motion to intervene brought by Washington Forest Protection Association (WFPA), American Forest and Paper Association (AFPA), and Pacific County. (Dkt. No. 29). Plaintiffs oppose the intervention. (Dkt. No. 40). Having considered the parties' briefs, and the documents submitted in support thereof, the Court GRANTS the motion to intervene as to WFPA and AFPA, but denies the motion to intervene as to Pacific County.

**Background**

    Plaintiffs Seattle Audubon Society and Kittitas Audubon Society seek to enjoin State-authorized logging activities that will allegedly destroy Northern Spotted Owl habitat and harm federally-protected spotted owls. To that end, Plaintiffs have filed suit under the Endangered Species Act (ESA), 16 U.S.C. § 1531 et seq., against the Washington Department of Natural Resources, the Washington Forest Practices Board, officials in each of those agencies, and Weyerhauser Company. Plaintiffs request declaratory and injunctive relief. In particular, Plaintiffs seek to prohibit State Defendants from authorizing the destruction of suitable habitat in all owl circles outside of already

ORDER ON MOTION TO INTERVENE - 1

protected areas ("Spotted Owl Special Emphasis Areas" or "SOSEAs") unless there are reasonable assurances that state-authorized forest practices will not cause such harm. Plaintiffs also seek to enjoin Weyerhauser from conducting forest practices on its own lands that destroy habitat in owl circles outside SOSEAs except in accordance with an incidental take permit issued under the ESA.

Three parties have moved to intervene as defendants in this case: the Washington Forest Protection Association (WFPA), American Forest and Paper Association (AFPA), and Pacific County. The WFPA is an organization of landowners dedicated to promoting and encouraging "stewardship of Washington's private forest lands for the production of timber and other wood products while providing for conditions favorable to the protection of fish and wildlife, air and water quality, recreation, and other environmental and social values." (Doumit Decl. ¶ 2). The AFPA is a national trade association that represents the forest, pulp, paperboard, and wood products industry. (Murray Decl. ¶ 2). The AFPA's members include companies that own timberland and conduct forestry operations in Washington. (Murray Decl. ¶ 3). Pacific County is a county in southwest Washington that encompasses four towns and over 960 square miles of unincorporated rural and forested property. (Harrison Decl. ¶ 2). Approximately 10% of Pacific County's revenue is derived directly from timber taxes; the county also collects property taxes on privately owned timber lands. (Harrison Decl. ¶ 3).

WFPA, AFPA, and Pacific County move to intervene as of right pursuant to Federal Rule of Civil Procedure 24(a)(2), or in the alternative, by permission pursuant to Rule 24(b)(2). Plaintiffs oppose the motion on both grounds.

ORDER ON MOTION TO INTERVENE - 2

**DISCUSSION**

**A.     Intervention as of right**

Under Fed. R. Civ. P. 24(a)(2),[1] an applicant is entitled to intervention of right when the applicant shows the following:

(1) the intervention application is timely;

(2) the applicant has a significant protectable interest relating to the property or transaction that is the subject of the action;

(3) the disposition of the action may, as a practical matter, impair or impede the applicant's ability to protect its interest; and

(4) the existing parties may not adequately represent the applicant's interest.

Prete v. Bradbury, 438 F.3d 949, 954 (9th Cir. 2006). The party seeking to intervene bears the burden of showing that the four elements are met. Id. But the burden is not a heavy one: the requirements for intervention are broadly interpreted in favor of intervention. Id.

**1.     Timeliness**

The applicants' motion is timely. Plaintiffs do not contend otherwise. To determine the timeliness of a motion to intervene, the Ninth Circuit examines (1) the stage of the proceedings; (2) the prejudice to other parties; and (3) the reason for and length of the delay. League of Latin American Citizens v. Wilson, 131 F.3d 1297, 1302 (9th Cir. 1997). The motion was filed just fifteen days after Plaintiffs filed their complaint and before any responsive pleadings had been filed. The motion is therefore timely. See Arakaki v. Cayetano, 324 F.3d 1078, 1084 (9th Cir. 2003) (holding

---

[1]     The rule provides, in relevant part:

Upon timely application anyone shall be permitted to intervene in an action . . . (2) when the applicant claims an interest relating to the property or transaction which is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.

Fed. R. Civ. P. 24(a)(2).

ORDER ON MOTION TO INTERVENE - 3

that district court did not abuse its discretion by finding motion to intervene timely when filed three weeks after plaintiffs' filed their complaint).

### 2. Significant Protectable Interests

An applicant has a "significantly protectable interest" when "the interest is protectable under some law, and . . . there is a relationship between the legally protected interest and the claims at issue." Arakaki, 324 F.3d at 1084 (9th Cir. 2003) (quoting Sierra Club v. EPA, 995 F.2d 1478, 1484 (9th Cir. 1993)). "An applicant generally satisfies the 'relationship' requirement only if the resolution of the plaintiff's claims actually will affect the applicant." Id.  For intervention as a matter of right, the interest must be a "direct, non-contingent, substantial and legally protectable" interest. Southern Cal. Edison Co. v. Lynch, 307 F.3d 794, 803 (9th Cir. 2002).  An "undifferentiated, generalized interest in the outcome of an ongoing action is too porous a foundation on which to premise intervention as of right." Id.

The WFPA and AFPA argue that their "members' property rights and economic interest stand to be impaired if Audubon's requested relief is granted." (Mot. at 8).  Plaintiffs do not contest this assertion, nor could they.  Plaintiffs seek an injunction barring State Defendants from approving forest practices that authorize the destruction of suitable habitat in all owl circles on private lands outside of those areas already protected. (Compl. ¶ VII.D).  And Plaintiffs seek an injunction barring Weyerhauser from conducting forest practices on its own lands that destroy habitat in owl circles outside SOSEAs. (Compl. ¶ VII.E). If granted, this relief would affect the WFPA and AFPA's members property rights and economic interests.  The Court thus concludes that the WFPA and AFPA have satisfied the second prong under Fed. R. Civ. P. 24(a)(2).

But the Court concludes that Pacific County has not satisfied the second prong under Fed. R. Civ. P. 24(a)(2). Pacific County argues that it has an interest in this lawsuit because "[a]n adverse precedent in this case would impair Pacific County's ability to govern and would increase the cost of governing by requiring Pacific County to defend a greater potential breadth of litigation." The County also suggests that its tax collection interests might be affected by this litigation.  The Court

ORDER ON MOTION TO INTERVENE - 4

agrees with Plaintiffs that the County's interest is not substantial enough for intervention of right. Pacific County does not own forest land affected by Plaintiffs' request for injunctive relief. And the County does not conduct or regulate the forest practices at issue in this suit. The County alleges that it issues planning and development permits which implicate the issues present in this suit because the permits authorize things like the removal of trees and other vegetation. (Harrison Decl. ¶ 4). But Plaintiffs have not alleged that these kinds of permitting activities violate the ESA. (See Compl. ¶¶ 79-88). The County's generalized interest in the development of the law concerning governmental liability under the ESA is a generalized, indirect interest that does not meet the requirements of Fed. R. Civ. P. 24(a)(2). The Court therefore DENIES the County's petition to intervene as of right.

### 3. Impairment of Interest

A ruling in favor of Plaintiffs' ESA challenge would impair the interests of the members of WFPA and AFPA in harvesting timber resources from private forest lands. As mentioned, Plaintiffs seek to enjoin forest practices that destroy habitat in owl circles outside Spotted Owl Special Emphasis Areas (SOSEAs). Such an injunction will affect the way in which WFPA and AFPA members may use their private timber lands and will limit the amount of timber resources available on Washington state private lands for the forest, pulp, paperboard, and wood products industry.

### 4. Adequacy of Representation

In assessing whether a present party will adequately represent a potential intervenor's interests, the court should "consider several factors, including whether [a present party] will undoubtedly make all of the intervenor's arguments, whether [a present party] is capable of and willing to make such arguments, and whether the intervenor offers a necessary element to the proceedings that would be neglected." Prete, 438 F.3d at 956 (quoting Sagebrush Rebellion, Inc. v. Watt, 713 F.2d 525, 528 (9th Cir. 1983)). The requirement is fleshed out in Prete:

> The burden of showing inadequacy of representation is minimal and is satisfied if the applicant shows that representation of its interests may be inadequate. . . . [But] the requirement is not without teeth . . . . When an applicant for intervention and an existing party have the same ultimate objective, a presumption of adequacy of representation arises. If the applicant's interest is identical to that of one of the present parties, a compelling showing should be required to demonstrate inadequate representation.

ORDER ON MOTION TO INTERVENE - 5

Id. (internal citations and quotation marks omitted).  A presumption of adequacy arises when the government is acting on behalf of a constituency that it represents.  Id.

In this case, a presumption of adequacy arises because the state is a defendant and because WFPA, AFPA, and Weyerhauser share similar objectives.  Both the state and the applicants will defend the state's current permitting system.  And WFPA, AFPA, and Weyerhauser intend to challenge Audubon's efforts to enjoin potential timber harvests inside "owl circles" but outside of state-designated SOSEAs.

But the Court concludes that WFPA and AFPA have overcome the presumption of adequacy.  In terms of the state defendants, the interests of the WFPA and AFPA diverge from that of the state because the state represents the broad public interest and not the concerns of a particular industry. See Forest Conservation Council v. U.S. Forest Serv., 66 F.3d 1489, 1499 (9th Cir. 1995).

In terms of Defendant Weyerhauser, while Weyerhauser and WFPA and AFPA share some interests (harvesting timber resources), they also have some interests that are opposed.  Specifically, members of WFPA and AFPA include Weyerhauser's competitors.  As WFPA and AFPA point out, approximately ten forested land owners (other than Weyerhauser) own property inside an "owl circle" but outside of a SOSEA.  And Plaintiffs have identified in their complaint 62 owl sites located wholly or partly on non-federal land outside of SOSEAs; but Plaintiffs only link four (4) of those sites with Defendant Weyerhauser.  WFPA and AFPA contend, and the Court agrees, that Weyerhauser has little to no incentive to defend the ability of its competitors to continue harvesting in owl circles outside of SOSEAs and on non-Weyerhauser land.  And, as Elaine Spencer, attorney for defendant Weyerhauser points out in her declaration, Weyerhauser cannot represent the interests of the entire timber industry because Weyerhauser has its own internal policy about "taking" spotted owls that might not be shared by its competitors. (Spencer Decl. ¶ 5).

Because WFPA and AFPA members' economic interests in harvesting timber from the at-issue areas are substantial, because the effect of Plaintiffs' injunction would impede those interests (by effectively prohibiting logging on sections of private lands owned by their members), and because

ORDER ON MOTION TO INTERVENE - 6

WFPA and AFPA have shown that their interests are sufficiently divergent from those of Weyerhauser and the state defendants such that the current defendants would not adequately represent their interests, the Court GRANTS WFPA and AFPA intervention as of right.

**B.     Permissive Intervention**

Because the Court grants WFPA and AFPA intervention as of right, the Court need not consider whether to grant WFPA and AFPA permissive intervention. Nevertheless, to be thorough, the Court will consider whether to grant permissive intervention to all three applicants for intervention.

Fed. R. Civ. P. 24(b) states, in relevant part:

> Upon timely application anyone may be permitted to intervene in an action . . . (2) when an applicant's claim or defense and the main action have a question of law or fact in common. . . . In exercising its discretion the court shall consider whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties.

A court may grant permissive intervention where the applicant shows "(1) independent grounds for jurisdiction; (2) the motion is timely; and (3) the applicant's claim or defense, and the main action, have a question of law or a question of fact in common." Northwest Forest Res. Council v. Glickman, 82 F.3d 825, 839 (9th Cir. 1996). The Court may consider discretionary factors such as "the nature and extent of the intervenors' interest, their standing to raise relevant legal issues, the legal position they seek to advance, . . . whether the intervenors' interests are adequately represented by other parties, whether intervention will prolong or unduly delay the litigation, and whether parties seeking intervention will significantly contribute to full development of the underlying factual issues in the suit and to the just and equitable adjudication of the legal questions presented." Spangler v. Pasadena City Board of Educ., 552 F.2d 1326, 1329 (9th Cir. 1977).

In terms of WFPA and AFPA, Plaintiffs do not contend that the motion is untimely or that there is not independent jurisdiction. Given the discussion above, the Court concludes that the applicants' claims and the main action share common questions of law and fact. Plaintiffs argue that intervention would prejudice Plaintiffs and delay ultimate resolution of the case because it will take more time and resources to develop the factual record. But the applicants have moved to intervene at

ORDER ON MOTION TO INTERVENE - 7

the outset of the case and have committed to making unified presentations and participating "in an efficient and streamlined fashion." And Plaintiffs admit that this case will "require extensive development of a factual record at trial." It seems only logical, in a case such as this one that has the potential to significantly impact large and varied interests, that affected parties be allowed to participate. See Kootenai Tribe of Idaho v. Veneman, 313 F.3d 1094, 1111 & n.10 (9th Cir. 2002). Therefore, the Court grants, in the alternative, permissive intervention to WFPA and AFPA.

But the Court does not grant Pacific County permissive intervention. Although there are common questions of law and fact regarding Pacific County's claims and the main action, as the Court has mentioned, Pacific County's interest is generalized. And Pacific County's interests are already represented by the state defendants. Both are permitting authorities. Pacific County attempts to differentiate its permitting authority from that of the state; but both issue a variety of permits that may affect spotted owls. Pacific County also argues that it has "an interest in avoiding threats of vicarious liability for its elected and administrative officials." But that interest is shared by state defendants.

Any additional defendant-intervenors will raise the costs of litigation and will place additional burdens on the resources of the parties and the Court. The Court is willing to accept this additional burden on the part of WFPA and AFPA. But the Court concludes that Pacific County has not shown that its participation will significantly contribute to full development of the underlying factual issues in the suit or to the just and equitable adjudication of the legal questions presented. For these reasons, the Court DENIES permissive intervention to Pacific County.

**C.   Procedural Limits on Intervention**

In their opposition brief, Plaintiffs request that, if the Court grants intervention, that it also impose limits on the intervention to reduce the burdens on the parties and the Court. The intervenors have not had an opportunity to respond to Plaintiffs' suggestions for limiting intervenor participation. The Court orders the parties and intervenors to meet and confer, either in person or on the telephone, on the issue of the extent of intervenors' participation in this case. The parties and intervenors are to

ORDER ON MOTION TO INTERVENE - 8

submit a stipulated and proposed order outlining how the intervenors will participate in this case. If the parties and intervenors cannot come to an agreement in this regard, they are to use the unified filing format outlined in Local Civil Rule 37(a)(2) to explain their dispute. The stipulated and proposed order or the CR 37 submission shall be filed within ten (10) calendar days of this order.

## CONCLUSION

The Court GRANTS WFPA and AFPA the right to intervene as defendants. The Court alternatively grants permissive intervention to WFPA and AFPA. But the Court DENIES intervention as of right and permissive intervention to Pacific County.

The clerk is directed to send copies of this order to all counsel of record and to counsel for intervenors.

Dated this 16th day of January, 2007.

_____
Marsha J. Pechman
United States District Judge

ORDER ON MOTION TO INTERVENE - 9