UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

SEATTLE AUDUBON SOCIETY, et al.,

    Plaintiffs,

v.

DOUG SUTHERLAND, et al.

    Defendants.

No. C06-1608MJP

ORDER DENYING MOTIONS FOR RECONSIDERATION

  This matter comes before the Court on Defendants' and Intervenors' (collectively "Defendants") motions for reconsideration of the Court's May 2nd, 2007, Order granting in part and denying in part Defendants and Intervenors' motions for summary judgment. (Dkt. Nos. 134 & 137.) Defendant Weyerhaeuser joins in the motions. (Dkt. No. 139.) In the May 2nd Order, the Court dismissed Plaintiffs' claims against the Washington State Department of Natural Resources, the Washington Forest Practices Board, and all individual Board members on Eleventh Amendment and legislative immunity grounds. (See Dkt. No. 133, Order at 5-7.) But the Court ruled that Plaintiffs could proceed with their Endangered Species Act ("ESA") action against Defendants Doug Sutherland and Vicki Christiansen in their capacity as Department administrators. (Order at 6-7.) The Court concluded that Plaintiffs have standing, Plaintiffs' claims are ripe, the Court has citizen suit jurisdiction, the Tenth Amendment does not prohibit all possible relief, and Burford abstention is not appropriate. (Order at 22-23.) Defendants request that the Court reconsider its conclusions regarding standing, jurisdiction, and the Tenth Amendment. On May 15th, the Court requested that Plaintiffs respond to both motions for reconsideration, and on May 24th, Plaintiffs filed a response. (Dkt. No.

ORDER - 1

163.) Having considered Defendants' motions and Plaintiffs' response, the Court DENIES Defendants' motions for reconsideration.

Under Local Civil Rule 7(h), the Court will ordinarily deny motions for reconsideration unless there is a showing of manifest error in the prior ruling or a showing of new facts or legal authority which could not have been brought to the Court's attention earlier with reasonable diligence.

In their motions for reconsideration, Defendants raise several arguments regarding the Court's Order on summary judgment. First, Defendants argue that Sutherland and Christiansen are not the proximate cause of any alleged take (and therefore the Court does not have citizen suit jurisdiction) because they do not have discretion to deny permits that comply with the Forest Practices Act. They rely on Dep't of Transp. v. Public Citizen, 541 U.S. 752 (2004), in which the Supreme Court held that a federal agency did not need to address the effects of an increase in cross-border operations of Mexican motor carriers in its National Environmental Policy Act ("NEPA") analysis because the agency was not responsible for (i.e. was not the proximate cause of) the increase in cross-border activity. Public Citizen, 541 U.S. at 770. The Court's holding in Public Citizen was grounded in the fact that the purposes of NEPA — to ensure that federal agencies are informed about and consider the likely environmental impacts of their proposed actions and to guarantee that relevant information is made available to the public that may participate in the decisionmaking process — would not be served by requiring the agency to consider the environmental impact of the increase in truck operations where the agency "simply lacks the power to act on whatever information might be contained in the [environmental analysis]." Id. at 768. Although that holding makes sense in the context of a procedural, information-forcing statute like NEPA, it is inapplicable under the ESA, which serves completely different purposes. Public Citizen is therefore inapposite to the question of whether Defendants Sutherland and Christiansen may be held liable under the ESA for authorizing private logging operations that harm spotted owls.[1]

---

[1] Defendants also cite a recently issued decision from the Central District of California, Wishtoyo Found. v. Hattoy, CV 06-7603 GAF (C.D. Cal. March 12, 2007). This decision is not controlling here. And it appears to conflict with the *Ex Parte Young* doctrine, which allows lawsuits

ORDER - 2

1    Defendants also argue that Department officials are not the proximate cause of any take
2 because the Department's review for compliance with Forest Practices Act ("FPA") rules does not
3 make take any more likely than if the FPA program did not exist. But Defendants' argument uses the
4 wrong baseline for analyzing take under the ESA. The Court does not start its analysis by ignoring
5 the state's current regulatory system. Instead, the baseline is the system as it presently operates —
6 the State regulates logging on private lands. In doing so, the State has injected itself into a position in
7 which it may be the proximate cause of ESA take.

8    Second, Defendants argue that the Court cannot craft an injunction against Sutherland and
9 Christiansen that remedies Plaintiffs' injuries without running afoul of the Tenth Amendment.
10 Defendants focus on the potential Tenth Amendment issues in an effort to undermine Plaintiffs'
11 standing. But to satisfy standing requirements, Plaintiffs only need to show that "it is likely, as
12 opposed to merely speculative, that [Plaintiffs'] injury will be redressed by a favorable decision."
13 Friends of the Earth, Inc. v. Laidlaw Envtl. Servs., Inc., 528 U.S. 167, 180-81 (2000). As the Court
14 previously explained, the Court is confident that, if warranted, it can craft an effective injunction that
15 does not run afoul of the Tenth Amendment. Defendants focus on the fact that Sutherland and
16 Christensen do not have authority to avoid violating state law by limiting "approvals" of forest
17 practice applications to private activities that are shown to comply with federal law. Because these
18 defendants do not have authority, the argument goes, the Court cannot "coerce issuance of additional
19 take-avoidance rules" and Department officials "lack the authority and discretion to comply with any
20 injunction that would require disapproval of a forest practices application that complies with the
21 Board's rules." But the Court has authority to order compliance with federal law, even if state law
22 prohibits such compliance. See Washington v. Wash. State Comm. Passenger Fishing Vessel Ass'n,
23 443 U.S. 658, 695 (1979). Moreover, the Court may impose declaratory relief. The Court will not

---

against state officials alleged to be in violation of federal law where the officials have a connection to the enforcement of the law. See Ex Parte Young, 209 U.S. 123 (1908); Nat'l Audubon Soc'y v. Davis, 307 F.3d 835, 846 (9th Cir. 2002). Defendants have failed to cite any controlling authority for the proposition that a state official's liability under the ESA turns on whether that official has discretionary authority.

ORDER - 3

engage with Defendants in hypothesizing over how Defendants Sutherland and Christiansen will respond to a potential order granting injunctive and declaratory relief. The Tenth Amendment does not pose a barrier to Plaintiffs' standing or continuation of this litigation.

Defendants' third argument involves Plaintiffs' second claim for relief, in which Plaintiffs allege that Board regulations that purport to authorize violations of the ESA are preempted by federal law. Defendants challenge Plaintiffs' second claim on the ground that there is no controversy regarding preemption of state laws that directly conflict with the ESA. This argument is premature; the Court will consider this argument when it considers the underlying merits of Plaintiffs' case. Defendants also argue that Plaintiffs' second claim should be dismissed because it is brought solely against the Board and its individual members, who have been dismissed, and contests forest practice rules adopted by the Board. Defendants argue that because the Board and its members are no longer parties here, "this Court can make no ruling on the validity of the state forest practice rules." But Defendants cite no persuasive authority for this proposition.[2] Defendants Sutherland and Christensen, in their capacity as DNR administrators, are responsible for administrating and enforcing the State's forest practices regulations. RCW 76.09.040. Under the *Ex Parte Young* exception to general rules of Eleventh Amendment immunity, a plaintiff challenges a state law by suing a state official with the "direct authority and practical ability to enforce the challenged [state] statute." See Nat'l Audubon Soc'y v. Davis, 307 F.3d 835, 846 (9th Cir. 2002). Plaintiffs may challenge the state law at issue here (the forest practice regulations) by suing the enforcers of those regulations.

In conclusion, because Defendants have not shown manifest error, new facts, or new controlling legal authority, the Court DENIES the motions for reconsideration.

Dated: May 30th, 2007.

*/s/ Marsha J. Pechman*
Marsha J. Pechman
United States District Judge

---

[2] Defendants do cite one Washington Supreme Court case — Judd v. Am. Tel. & Tel. Co., 152 Wn.2d 195, 204, 95 P.3d 337 (2004) — that is inapplicable here because it involves joining a proper party in an action under Washington's Administrative Procedure Act.

ORDER - 4