UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

SEATTLE AUDUBON SOCIETY, et al.,

    Plaintiffs,

v.

DOUG SUTHERLAND, et al.,

    Defendants.

No. C06-1608MJP

ORDER REGARDING STATE DEFENDANTS' SURREPLY TO STRIKE EVIDENCE AND ARGUMENT RELATED TO RULE-MAKING AND POLICY DECISIONS AND TESTIMONY OF BUCHANAN

This matter comes before the Court on State Defendants' Surreply to strike evidence and argument related to rule-making and policy decisions and deposition testimony of Joseph Buchanan. (Dkt. No. 159.) Plaintiffs have responded. (Dkt. No. 177.) Having considered the parties' briefs, the Court DENIES State Defendants' requests.

State Defendants request that the Court strike any and all evidence and argument related to the State or Forest Practices Board's (Board) rule-making process that led to the current spotted owl rules and policy judgments embedded in the rule, including the decision not to place any spotted owl special emphasis areas in Southwest Washington. State Defendants argue that, because the Board and its members have been dismissed from this case, the Board's rule-making process and policy decisions are not relevant and an ESA injunction cannot require the State to modify the State's rules. But as Audubon points out, the forest practice rules are still relevant to this case because they govern State Defendants' approval of forest practices applications. State Defendants Sutherland and Christensen, in their capacity as DNR administrators, administer and enforce the State's forest

ORDER - 1

practices regulations. As the Court recently explained in an order denying Defendants' motions for reconsideration, Plaintiffs may challenge the forest practice rules by suing the enforcers of those rules. Thus, the Court will not exclude evidence or argument regarding the Board's spotted owl rules.

State Defendants also request that the Court exclude the use of the deposition of Joseph Buchanan, a Washington Department of Fish and Wildlife (WDFW) employee. Relying on Fed. R. Civ. P. 32(a)(2), Defendants argue that Mr. Buchanan's deposition testimony is inadmissible because WDFW is not a party and Mr. Buchanan has not been designated a speaking agent for WDFW. Rule 32(a)(2) allows the use of the "deposition of a party or of anyone who at the time of taking the deposition was an officer, director, or managing agent, or a person designated under Rule 30(b)(6) or 31(a) to testify on behalf of a public or private corporation, partnership or association or governmental agency which is a party may be used by an adverse party for any purpose." Thus, Rule 32(a)(2) allows the use of certain deposition testimony; it does not prohibit the admission of any deposition testimony. Even though it appears that Mr. Buchanan's deposition will not be admissible under Rule 32(a)(2), it may be admissible under one of the other subsections of Rule 32(a). If Plaintiffs intend to use Mr. Buchanan's deposition during the preliminary injunction hearing, they will be obligated to lay the proper foundation for its admissibility.

For these reasons, State Defendants' requests to strike evidence and argument regarding the Board's rules and to strike the Buchanan deposition are DENIED.

The clerk is instructed to distribute copies of this order to all counsel of record.

Dated: June 5, 2007.

Marsha J. Pechman
United States District Judge

ORDER - 2