UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

SEATTLE AUDUBON SOCIETY, et al.,

    Plaintiffs,

v.

DOUG SUTHERLAND, et al.,

    Defendants.

No. C06-1608MJP

ORDER REGARDING WEYERHAEUSER'S SURREPLY TO STRIKE DECLARATIONS OF EXPERTS CAREY, ROSENBERG, AND GLENN, AND DEPOSITION TESTIMONY OF JOSEPH BUCHANAN

This matter comes before the Court on Defendant Weyerhaeuser's surreply requesting that the Court strike the declarations of three expert witnesses (Dr. Andrew Carey, Dr. Daniel K. Rosenberg, and Dr. Elizabeth Glenn) and prohibit the use of deposition testimony from Joseph Buchanan. (Dkt. No. 158.)  Plaintiffs have responded. (Dkt. No. 178.)  Having considered the parties' papers, the Court DENIES Weyerhaeuser's request.

Weyerhaeuser moves to strike the declarations of three of Audubon's expert rebuttal witnesses on two grounds: (1) the experts were not disclosed within the period specified in Fed. R. Civ. P. 26(a)(2)(C); and (2) it would be fundamentally unfair to force Weyerhaeuser to address Audubon's rebuttal experts at this late date and within the time allotted during the four-day hearing scheduled on Audubon's preliminary injunction motion.  Alternatively, Weyerhaeuser requests that the Court strike the current preliminary injunction hearing date and schedule to allow for evaluation of the new witnesses and provide for a longer hearing.

ORDER - 1

Weyerhaeuser argues that under Fed. R. Civ. P. 26(a)(2)(C), Plaintiffs rebuttal expert disclosures were due by April 21 and 25, 2007, thirty days after Defendants made their expert disclosures. But Rule 26(a)(2)(C) sets the time frame in which disclosures must be made <u>before trial</u>. Rule 26(a)(2)(C) is inapplicable here, where the parties are not preparing for trial, but for a preliminary injunction hearing. Moreover, the parties' stipulated briefing and disclosure schedule does not prescribe the date by which Plaintiffs needed to disclose their expert rebuttal witnesses. Instead, the schedule states that "[b]y May 18, 2007, Plaintiffs will file their reply in support of their motion for preliminary injunction, <u>along with any rebuttal declarations and exhibits</u>." Nothing in the stipulated schedule indicates that Plaintiffs' rebuttal disclosures were required earlier. Because Plaintiffs filed their rebuttal declarations and exhibits on May 18, 2007, in conjunction with their reply briefing, their disclosure was not untimely.

Finally, it is not unfair to require Defendants to move forward with the current preliminary injunction schedule. Plaintiffs have not operated outside of the parties' agreed schedule. And the June 18-21 hearing is a <u>preliminary</u> injunction hearing; it is not a trial. A continuation is not warranted.

Weyerhaeuser also moves to strike the deposition of Joseph Buchanan on the grounds that it is an impermissible use of a deposition under Fed. R. Civ. P. 32. The Court addresses this issue more thoroughly in a contemporaneously issued order on State Defendants' surreply. In short, Fed. R. Civ. P. 32(a)(2) does not provide a basis to exclude Mr. Buchanan's deposition, and Plaintiffs will have an opportunity to lay the foundation for admissibility of the deposition at the preliminary injunction hearing.

For these reasons, Weyerhaeuser's motion to strike the expert declarations of Carey, Rosenberg, and Glenn and the deposition of Joseph Buchanan is DENIED.

The clerk is instructed to distribute copies of this order to all counsel of record.

Dated: June 5, 2007.

*[signature]*

Marsha J. Pechman
United States District Judge

ORDER - 2